UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 15-19006 |
| LINDA MOORE-SINGLETON | : | |
| | : | Chapter 13 |
| | : | |
| UPPER DARBY BELL TELCO FEDERAL | : | |
| CREDIT UNION | : | 11 U.S.C. § 362 |
| MOVANT, | : | |
| | : | |
| v. | : | |
| | : | |
| LINDA MOORE-SINGLETON, | : | |
| DEBTOR. | : | |
| | : | |
| WILLIAM C. MILLER, TRUSTEE | : | |
| ADDITIONAL RESPONDENT | : | |

STIPULATION FOR THE SETTLEMENT
OF THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OF UPPER DARBY BELL TELCO FEDERAL CREDIT UNION

AND NOW, comes UPPER DARBY BELL TELCO FEDERAL CREDIT UNION ("Movant"), by and through its attorneys, Eugene J. Malady, LLC and Melanie E. Tunaitis, Esquire, and files this Stipulation for Settlement of the Motion for Relief from the Automatic Stay of Upper Darby Bell Telco Federal Credit Union as follows:

WHEREAS, Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on December 17, 2015; and

WHEREAS, on March 30, 2016, Movant filed a Motion for Relief from the Automatic Stay ("Motion") with respect to Debtor's real property located at 241 Wembly Road, Upper Darby, PA 19082, Delaware County, ("real property"), alleging that Debtor was in default under the terms of the Note, Mortgage and Chapter 13 Plan for failure to make post-petition mortgage payments when due; and

WHEREAS, Movant and Debtors wish to resolve and settle the issues raised in Movant's Motion for Relief pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the above recitals and intending to be legally bound hereby, Movant and Debtors through their duly authorized counsel, hereby agree as follows:

1. The parties agree that the total post-petition arrearage is as follows:

| | |
|---|---|
| 01189900-23 (Feb-Apr) | $2,481.39 |
| 01189900-03 (Feb-Apr) | $ 414.06 |
| Attorney's Fees and Costs | $ 542.00 |
| Total Post-Petition Due | $3,437.45 |

2. Movant hereby acknowledges that Debtor has made two payments to Upper Darby Bell Telco Federal Credit Union totaling $1,100 on April 1, 2016 and April 15, 2016 which have been applied

to the post-petition arrears. The post-petition arrearage has been reduced to $2,337.45 which includes the attorney's fees and costs.

3.      Beginning May 12, 2016, Debtor shall commence payment of the regular bi-weekly mortgage payments in the amount of $381.75 for loan -23 and $63.70 for loan -03, plus the additional payment in the amount of $179.80 ($2,337.45/13 bi-weekly payments), for a total bi-weekly payment amount of $625.25. The Debtor will continue to pay this amount bi-weekly from May 12, 2016 through and including October 27, 2016 to cure the aforementioned post-petition arrearage. All subsequent bi-weekly payments shall be due in accordance with the terms of the mortgages. All payments made pursuant to this Stipulation shall be payable to **UPPER DARBY BELL TELCO FEDERAL CREDIT UNION, 1410 BYWOOD AVENUE, UPPER DARBY, PA 19082-3720.**

4.      Should the Debtor fail to make any of the above captioned payments, or if any regular weekly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

5.      In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears with ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

6.      Debtor's tendering of a check to Movant which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

7.      The parties agree that a facsimile signature shall be considered an original signature.

EUGENE J. MALADY, LLC

Date: 4/29/16

Melanie E. Tunaitis, Esquire
Attorney for Movant

Date: 4/27/16

Brad J. Sadek, Esquire
Attorney for Debtor

AND NOW, this _____ day of _____, 2016, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made and Order of this Court.

_____
Honorable Jean K. FitzSimon
US Bankruptcy Judge