IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LINDA MOORE-SINGLETON | : | No. 15-19006-elf |
| Debtor, | : | |
| | : | CHAPTER 13 |
| UPPER DARBY BELL TELCO FEDERAL | : | |
| CREDIT UNION | : | |
| MOVANT, | : | Courtroom # 1 |
| | : | April 24, 2018  1:00 pm |
| v. | : | |
| | : | |
| LINDA MOORE-SINGLETON | : | |
| Debtor. | : | |

## STIPULATION AND ORDER RESOLVING DEBTOR'S MOTION TO RECONSIDER ORDER MODIFYING THE AUTOMATIC STAY UNDER SECTION 362 FILED ON MARCH 27, 2018

UPPER DARBY BELL TELCO FEDERAL CREDIT  UNION, ("Movant"), by and through its attorneys, McGivney, Kluger & Cook,  P.C., and M. Jacqueline Larkin, Esquire, filed this Stipulation for Settlement of the Debtor's Motion to Reconsider the Order Modifying the Automatic Stay under Section 362 and the stipulated terms are as follows:

WHEREAS, Movant filed a certification of default on March 6, 2018 certifying that Linda Moore-Singleton ("Debtor") had defaulted on the May 2, 2016 Stipulation by not making post-petition payments to Movant and:

WHEREAS, Movant was granted relief from the automatic stay on March 19, 2018 by this Honorable Court as a result of the March 6, 2018 certification of default; and

WHEREAS, on March 27, 2017, Debtor filed a Motion to Reconsider the March 19, 2018 order modifying the Automatic Stay under Section 362 ("Motion") with respect to post-

petition arrearages owed to Movant on Debtor's property located at  241 Wembly Road, Upper Darby, PA 19082;

WHEREAS, Movant and Debtor wish to resolve and settle the issues raised in Debtor's Motion for Relief pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the above recitals and intending to be legally bound hereby, Movant and Debtor through their duly authorized counsel, hereby agree as follows:

1.      The parties agree that the total amount owed to Movant on the post-petition arrearages is $ 7,200.47.

2.      Movant acknowledges receipt of the $ 7,200.47 from Debtor on May 21, 2018.

3.      From this date forward, the parties agree that the automatic stay as to Movant shall be reinstated by this Honorable Court.

4.      The parties further agree that the May 2, 2016 stipulation and order shall remain in full force in effect.

5.      Should the Debtor fail to make any of the payments in the May 2, 2016 stipulation, or if any regular weekly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of the May 2, 2016 Stipulation. If the default is not cured within ten (10) days from the of the Notice, counsel may file  a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

6.      The parties agree that a facsimile signature shall be considered as an original signature.

AGREED TO IN ADVANCE:

MCGIVNEY & KLUGER, P.C.

By: _____    By: _/s/ M. Jacqueline Larkin_____
    Brad J. Sadek, Esquire             M. Jacqueline Larkin, Esq.
    1315 Walnut Street, Suite 502     1650 Arch Street, Suite 1800
    Philadelphia, PA 19107          Philadelphia, PA 19103
    215-230-4250                 (215) 557-1990
    Attorney for Debtor,            *Attorney for Movant,*
    *Linda Moore-Singleton*       *Upper Darby Bell Telco FCU*

Dated: May 24, 2018

**O R D E R** *

_____
The Honorable Eric L. Frank
United States Bankruptcy Judge

Dated: _7/12/18_____

\*   The foregoing Stipulation is **APPROVED**.